United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

William A. Smith,

    Defendant,

No. 24-mj-30217

Hon.

---

**Stipulation and Proposed Order to Continue the Preliminary Hearing, Extending the Time in which an Indictment Must be Returned, and Find Excludable Delay**

---

The parties stipulate to continue the preliminary hearing from June 26, 2024, to August 26, 2024. The parties further stipulate, and jointly request that the Court order the time period in which an indictment must be returned be continued for 60 days and move for the Court to find that the time period between June 26, 2024, and August 26, 2024, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties also stipulate that there is good cause for the requested continuance under Federal Rule of Criminal Procedure 5.1(d). The

parties' reasons for the continuance and for a finding of excludable delay and good cause are as follows:

- The investigation in this matter continues.  The parties need more time to investigate this matter and to produce and review pre-indictment discovery. This process is taking longer than expected, and additional time is required.

- Failure to grant the continuance would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Specifically, based upon the need to review pre-indictment discovery, and the difficulty of engaging in plea discussions and negotiations, especially considering the complicated nature of the investigation.

- Ordinarily, an indictment must be returned within thirty days from the date on which a defendant is arrested on a complaint. 18 U.S.C. § 3161(b). That period may be continued by the Court, however, and under some circumstances the resulting period of delay may be found to be excludable delay for purposes of the 30-day clock of § 3161(b). 18 U.S.C. § 3161(h)(7)(A). The parties jointly request that the Court continue the period in which an indictment must be returned by 60 days in order to permit the ongoing plea negotiations to continue, as the issuance of indictment may change the posture of the parties in negotiations.

The parties further stipulate and request that the Court find that, in light of the factors set forth in § 3161(h)(7)(B), the ends of justice served by this continuance outweigh the best interests of the defendant and the public in a speedy indictment, and that such time should therefore be excluded from the time within which an indictment must be filed. *See* 18 U.S.C. § 3161(h)(7)(A) (allowing for periods of excludable delay).

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/ Robert A. Moran*
Robert A. Moran
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Robert.moran@usdoj.gov
(313) 226-9553
MI P45346

*s/Gerald K. Evelyn (with consent)*
Gerald K. Evelyn
Attorney for William A. Smith
409 E. Jefferson Ave, Suite 500
Detroit, MI 48226
geraldevelyn@yahoo.com
(313) 962-3500
MI P29182

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

                          No. 24-mj-30217

v.

                          Hon.

William A. Smith,

    Defendant,

---

## Order Continuing the
## Preliminary Hearing and Finding Excludable Delay

---

    The Court has considered the parties' stipulation and joint motion to continue for 60 days the time period in which an indictment must be filed and to continue the preliminary hearing and for a finding that the time period from June 26, 2024, to August 26, 2024, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

    For the reasons described in the parties' submission, the Court specifically finds under 18 U.S.C. § 3161(h)(7)(B)(iii) that it would be unreasonable to expect the return and filing of an indictment within 30 days after defendant's arrest due to the ongoing investigation. The Court further finds that failure to grant a continuance would likely make a continuation of the proceeding impossible or

result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). The Court further finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from June 26, 2024, to August 26, 2024, qualifies as excludable delay under § 3161(h)(7).

IT IS THEREFORE ORDERED that the time in which the government must return an indictment is extended by an additional 60 days, to run from the date on which an indictment was otherwise required to be filed under 18 U.S.C. § 3161(b).

For the same reasons, the Court also finds that there is good cause for the requested continuance under Federal Rule of Criminal Procedure 5.1(d).

IT IS THEREFORE ORDERED that the preliminary hearing will be continued from June 26, 2024, to August 26, 2024, and that the time from June 26, 2024, to August 26, 2024, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

                                      s/Anthony P. Patti
                                      Hon. Anthony P. Patti
                                      United States Magistrate Judge

Entered: 6/10/2024